IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TORRES GRIMALDI-GARCIA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. CV-F-04-6283 OWW<br>(No. CR-F-03-5049 OWW)<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

On September 20, 2004, petitioner Jose Torres Grimaldi-Garcia timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged by Superseding Information with one count of misdemeanor illegal entry in violation of 8 U.S.C. § 1325(a)(1) and with one count of felony illegal entry in violation of Section 1325(a)(1). Petitioner pleaded guilty pursuant to a written Plea Agreement to both counts. The Plea Agreement provided in pertinent part:

       **III.**   **<u>Agreements by Defendant</u>**.

1

>...
>
>(c) Defendant expressly, knowingly and voluntarily waives his Constitutional and statutory rights to appeal, including any rights to appeal his conviction and sentence on any ground and any appeal right conferred by 18 U.S.C. § 3742.  Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to, any proceeding under 28 U.S.C. § 2255;
>
>...
>
>(e) Defendant agrees that he shall be sentenced to the statutory maximum of two (2) years as to Count Two on the information and the statutory maximum of six (6) months as to Count One of the Information and that the sentence on Count One is to run <u>consecutive</u> to the sentence on Count Two for a total term of 30 months.

Petitioner was sentenced on November 17, 2003 to 30 months incarceration.  Petitioner did not file a Notice of Appeal.

The Section 2255 motion asserts two grounds for relief. First, that petitioner was denied the effective assistance of counsel "during process" because "[a] new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."  Second, that the "Guidelines are unconstitutional" and that

>Defendant pleaded guilty, because the government charged defendant with past criminal history.  That would put defendant, under the guideline range of 20 years.  If the took [sic] to trial.

Petitioner's motion is without merit.

First, Petitioner waived his right to bring a Section 2255 motion in the Plea Agreement and makes no contention or showing

2

that the waiver in the Plea Agreement was unknowing and involuntary. *See* *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 1778 (2006).

Second, petitioner has not demonstrated ineffective assistance of counsel. Claims asserting the ineffective assistance of counsel are analyzed under the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). As explained in *United States v. Quintero-Barraza*, 78 F.2d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996):

> According to *Strickland*, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....'

Where a petitioner enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends upon whether the

3

petitioner received effective assistance of counsel.  In order to prevail on an ineffective assistance of counsel claim, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

Petitioner's claim is based on the premise that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) has been overruled.  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."  530 U.S. at 490. The Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004) and in *United States v. Booker*, 543 U.S. 220 (2005) again exempted the fact of a prior conviction from its holdings.  *See United States v. Quintana-Quintana*, 383 F.3d 1052 (9th Cir.2004), *cert. denied*, 543 U.S. 1130 (2005); *United States v. Asberry*, 394 F.3d 712 (9th Cir.), *cert. denied*, ___ U.S.___, 126 S.Ct. 198 (2005); *See also United States v. Weiland*, 420 F.3d 1062, 1079 n.16 (9th Cir. 2005)("Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez-Torres* ..., we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court.").  Therefore, counsel was not ineffective by failing to speculate as to the future course of the law.

4

ACCORDINGLY, as set forth above:

1. Petitioner Jose Torres Grimaldi-Garcia's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

**Dated:   November 22, 2006**                              /s/ Oliver W. Wanger
668554                                               UNITED STATES DISTRICT JUDGE